### M'KENZIE and BENNOCK v. CONNOR.

1. In debt, an entire sum may be demanded in the writ, and different lesser sums, in different counts in the declaration, if certain and consistent in themselves.

2. A recovery may be had on any one such count, if proved, though less than is demanded in the writ, or for part of any one count, if reduced by payments or otherwise.

3. The pleadings must shew a certain sum due, with sufficient precision and consistency to enable the Court to render judgement final thereon on demurrer.

M'KENZIE and BENNOCK brought an action of debt in the Circuit Court of Marengo county, against Connor, to recover on the exemplification of a record of recovery by them in the State of Georgia.

The debt demanded in the writ was $266 62½, and $100 damages for the detention   The endorsement on the writ stated. that the action was brought to recover of the defendant the amount of a judgement rendered in the Inferior Court of Jasper county, Georgia, in favor of the plaintiffs against the defendant, for the sum of $200 principal, $13 50 interest and $13 12½ costs.

The declaration alleged a recovery in Georgia of $200 debt, as well as the sum of $13 50 damages as interest,

and $13 12½ costs, in all $226 62½. In the breach laid in the declaration, it was alleged that an action had ac- c'ued to have and demand the sum of $266 62½, and that the defendant had not paid said sum or any part, &c. to the damage of the plaintiffs $100. The defendant craved oyer of the writ and endorsement, and demurred for the variance between the writ and endorsement, the writ and declaration, the endorsement and declaration, and be- cause the declaration was contradictory in itself. The Circuit Court at November term, 1826, sustained the demurrer, and the plaintiffs declining to amend, judge- ment was given for the defendant.

The plaintiffs here assign for error, that the demurrer was sustained by the Circuit Court, whereas it should have been overruled.

PICKENS, for the plaintiffs.

The sum demanded in the writ, and the sum demanded in the conclusion of the declaration are the same. The description of the judgement in the endorsement of the writ, and that set out in the descriptive part of the dec- laration are the same; there is therefore a correspondence in these parts where it is required, and if so, no variance.

That more may be demanded in debt than recovered, is considered settled. Whatever sum is demanded in the writ, the same sum must be used in that part of the declaration referring to the sum demanded The sum demanded at the conclusion of the declaration is no more required to correspond with the description of the cause of action in the declaration than the sum demanded in the writ is. If more can be demanded in the writ than the sum recovered, or shewn to be done, surely an equal amount may be demanded in the conclusion of the decla- ration which refers alone to the demand in the writ.

1 Chitt. Pl. 94, 107, 344. 1 Hen. & Munf 249, 2.1, 550. 12 Mod. 72. Doug.6, 732. Sel. N.P. 557. 11 East 62. Lord Raym. 816. 1 Saund. 288 n. 1.

If there be no variance in the record, then the question is, whether more can be demanded than the amount re- covered.

If the demand at the conclusion of the declaration should rather agree with the sum shewn to be due by the declaration than with the sum demanded in the writ, then this may have been amended by the record, and therefore not demurrable by our statute. [a]  *a* Stat. 1824, p.17.

STEWART, for the defendant in error.

The writ, endorsement and declaration are variant from each other, and the declaration is inconsistent in itself.

JANUARY 1827.

M'Kenzie and
B.mock
v.
Connor.

The variances were fatal, and the Court below properly sustained the demurrer. The plaintiffs contend that in debt it is well settled that a party can sue for *more* and recover *less:* this I am willing to admit, but only in certain cases; and I think the law well settled on the subject.

The action of debt is to recover in *numero*, and not in *damages.* When a party sues to recover a debt, he cannot recover another one. The same particular debt must be specifically followed through the pleadings, and even to the judgement.

Formerly the very amount of debt sued for must be recovered, or none could: this rule has been relaxed so far as relates to debt on *simple contract*, and debt has been held to lie where the amount was uncertain, but reducible to a certainty. The law is clearly, that although a party may recover less in simple contract than he sues for, by a failure of proof or otherwise, yet the pleadings must account for the deficit, or it must be remitted. Either it must be shewn as payment, or to be a recovery on a single count when there are several for distinct debts; or if on a failure of proofs and the verdict is for less, then there may be a *remitter*, though this may be even after verdict. But the sum can be diminished only by matter *dehors* the debt claimed, or by extraneous circumstances.

This doctrine is very clearly settled by the Supreme Court of the United States, in the late and very important case, Hughes against Union Insurance Company of Baltimore, [a] decided in 1823, and is very elaborately argued in Justice Washington's opinion in the same case, [b] in the appendix. The conclusion is, that a less sum than demanded in the writ may be recovered when the demand is shewn by several distinct counts to be distinct debts, or where the precise sum demanded is reduced by extrinsic circumstances, which must appear or be accounted for, else the judgement must follow the demand in the writ, and the specific debt must be followed through all the proceedings to the judgement, and this from the very nature of the action. Here there is but one count, and but one debt claimed in the declaration, and that a different one from that claimed in the writ.

Courts have never went so far in the relaxation of the rule in debt as contended by the plaintiffs. There is a material distinction between debt on record, and debt on uncertain demands. All the authorities cited by the

a 8 Wheat. 294–5, 31–101
b Appendix II, page 17.

plaintiffs will be found upon examination to be confined *expressly* to debt on simple contract; they go no further. I do not believe they have even been extended to debt on *specialties*, without the extraneous circumstances above mentioned; and in cases of debt on records of another State, (entitled to the same validity as of our own,) being for specific debts, and capable of great certainty, where the exemplification will establish the whole or none, I believe I can fearlessly assert that no case could be shewn where the law has been changed from what it was.

Debt is a technical action; when the debt is from its nature certain and specific, and there is but one count, the same one laid in the writ must be specifically followed in the declaration, and not another one. In debt, particularly *on records*, any variance will be fatal. [a]

The plaintiffs cannot come here and say their pleadings were amendable; they *refused* to amend in the Court below.

## By JUDGE SAFFOLD.

In sustaining the demurrer the Court is charged to have erred. Without any inquiry into the effect of the variance between the writ or the endorsement thereon, and the declaration, or the necessity of oyer, it will be sufficient to notice the variance and contradiction in the declaration itself, in as much as it can derive no aid or certainty by reference to the writ and endorsement.

The action of debt was only for the recovery of a specific sum in *numero*. The pleadings must contain sufficient certainty to enable the Court to render final judgement thereon for the sum demanded, unless the claim be diminished by evidence of extrinsic circumstances. It is true that, when an entire sum is demanded in the writ or commencement of the declaration, and it is shewn by different counts to consist of several distinct accounts, which together do not equal the aggregate demand, the different counts being certain and consistent in themselves, will be sustained; and if some of the counts are proven entire, though others are not, a recovery may be had on such as are established. Or if, after any particular count has been proven as laid, the claim be reduced by evidence of part payment or otherwise, the residue may be recovered.

In this case, the declaration consists of but one count;

JANUARY 1827.

M'Kenzie and Bet.nock
v.
Connor.

a 1 Ch. Pl. 355

JANUARY 1827. the sum thereby demanded is uncertain and variant in itself. Had it been necessary for the Court to render judgement for the plaintiff on demurrer, the plea of *nul tiel* record or otherwise, without the intervention of a jury, no sum for which it could be rendered would have corresponded with the entire count. Judgement affirmed.

M'Kenzie and Bennock v. Connor.

JUDGE CRENSHAW, who presided in the Court below, not sitting.